IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00157-PAB-MJW

DEREK SCOTT, individually and on behalf of others similarly situated,

    Plaintiff,

v.

HONEYWELL INTERNATIONAL INC., a Delaware corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's Motion for Leave to File a Second Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) and Supporting Memorandum of Law [Docket No. 51] filed by plaintiff Derek Scott.  Plaintiff alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2).

**I.  BACKGROUND**

On January 21, 2014, plaintiff filed this class action suit against defendant Honeywell International, Inc., alleging breach of contract, breach of express warranty, breach of implied warranty, strict products liability, negligence, negligent misrepresentation, unjust enrichment, and violations of the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-105, et seq., and the Colorado Products Liability Act, Colo. Rev. Stat. §§ 13-21-401, et seq.  Docket No. 1 at 17-28.  On April 7, 2014, defendant filed a motion to dismiss all of plaintiff's claims pursuant to Fed. R. Civ. P.

12(b)(6) and 9(b).  Docket No. 23.  On April 28, 2014, plaintiff filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), Docket No. 29, thereby mooting defendant's motion to dismiss.  *See, e.g., Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that an amended complaint "supercedes an original complaint and renders the original complaint without legal effect") (citation omitted).  On May 12, 2014, defendant filed a motion to dismiss with prejudice all claims in plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  Docket No. 32.  On March 30, 2015, this Court granted in part and denied in part defendant's motion to dismiss.  Docket No. 43 at 30.  Specifically, this Court dismissed plaintiff's claims for breach of express warranty, failure of essential purpose, breach of the implied warranties of merchantability and fitness for a particular purpose, negligence, strict products liability, unjust enrichment, and violation of the Colorado Products Liability Act.  *Id*.  The Court did not state whether the dismissed claims were dismissed with or without prejudice.  *See id*.

On May 1, 2015, plaintiff filed the instant motion for leave to file a second amended class action complaint pursuant to Fed. R. Civ. P. 15(a)(2).  Docket No. 51.  Plaintiff's proposed second amended complaint withdraws several claims asserted in the first amended complaint and provides additional substantive allegations in support of several claims asserted in the first amended complaint.  Docket No. 51 at 2.  First, plaintiff's proposed second amended complaint withdraws his claims for strict products liability, negligence, negligent misrepresentation, unjust enrichment, and violations of the Colorado Products Liability Act.  *See* Docket No. 51 at 2.  The Court notes that, with the exception of plaintiff's negligent misrepresentation claim, all the aforementioned

claims plaintiff seeks to remove have already been dismissed. *Compare* Docket No. 43 at 30 *with* Docket No. 51 at 2. Second, plaintiff's proposed second amended complaint proffers additional allegations to support his claims for breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, and failure of essential purpose. *See id*.

Defendant opposes plaintiff's motion for leave to amend insofar as it attempts to resuscitate claims that this Court dismissed, which defendant argues are presumed to have been dismissed with prejudice. Docket No. 53 at 1. Defendant also argues that plaintiff's motion for leave to amend should be denied as futile. *Id*. Defendant does not oppose plaintiff's withdrawal of his negligent misrepresentation claim. *Id*. at 2 n.1.

## II. STANDARD OF REVIEW

Plaintiff seeks leave to file the proposed second amended complaint pursuant to Fed. R. Civ. P. 15(a), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." *Id*. Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As a general rule, the Court retains the discretion to permit such amendments. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). The Court must delineate its rationale if it refuses leave to amend. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

### III. ANALYSIS

#### A. Prior Dismissal of Plaintiff's Claims Pursuant to Rule 12(b)(6)

Defendant first argues that plaintiff cannot amend his breach of express warranty, failure of essential purpose, or breach of implied warranty claims because they were dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 53 at 2. Defendant contends that "a dismissal under Rule 12(b)(6) must be presumed to be with prejudice." Docket No. 53 at 3 (quoting *Lacey v. Homeowners of Am. Ins. Co.*, 546 F. App'x 755, 758 (10th Cir. 2013)). Plaintiff replies with a request that the Court clarify whether its dismissal of the claims plaintiff seeks to amend was with prejudice or without. Docket No. 54 at 2.

Exercising its discretion, the Court will consider the merits of plaintiff's motion for leave to amend his complaint.

#### B. Motion to Amend

Plaintiff makes three arguments in support of his motion to amend: (1) there has been no undue delay, Docket No. 51 at 3; (2) defendant will not be prejudiced, *id*. at 4; and (3) the proposed amendments are not futile. *Id*. Defendant does not suggest that plaintiff has unduly delayed filing his second amended complaint or that defendant will be prejudiced. *See* Docket No. 53. Rather, defendant argues that plaintiff's proposed amendments are futile and "fail to cure any of the pleading defects cited in the Court's order and would be subject to dismissal for the same reasons." *Id*. at 3-4. The Court will therefore consider whether plaintiff's amendments in the proposed second amended complaint are futile.

### *1. Breach of Express Warranty*

Plaintiff's proposed second amended complaint adds a series of allegations regarding B.C. Building, a heating and air conditioning company. Docket No. 51-1 at 14. Plaintiff alleges that he hired B.C. Building to install his first humidifier and that "B.C. Building is a representative agent of Honeywell." *Id*., ¶¶ 66, 67. Plaintiff claims that, following the failure of his first Honeywell humidifier, he "contacted B.C. Building to initiate a warranty claim" and that B.C. Building replaced his humidifier "pursuant to the terms of Honeywell's five year warranty." *Id*., ¶¶ 70, 71. These allegations regarding plaintiff's first humidifier indicate that B.C. Building replaced it, which would seem to satisfy the express warranty. Plaintiff alleges that after his second Honeywell humidifier failed, he notified B.C. Building that the second humidifier was defective, to which B.C. Building responded that it could not provide him with a replacement humidifier because the installation must be completed by a certified contractor, and that in order to receive a replacement humidifier, he would need to hire B.C. Building to install the new humidifier. *Id*. at 14-15, ¶¶ 73-75. Plaintiff further alleges that "Honeywell received warranty claims from B.C. Building on [p]laintiff's behalf" and that "Honeywell used its relationship with B.C. Building to deny, or otherwise fail to respond to [p]laintiff's warranty claim." *Id*. at 15, ¶ 76.

Defendant argues that plaintiff's allegation that B.C. Building is an agent of Honeywell "is a legal conclusion that need not be taken as true for purposes of Rule 12 analysis." Docket No. 53 at 4. An assertion that an individual or entity is acting as an agent "is a conclusion of law, and thus, must be supported by allegations of fact that, if

taken as true, would permit the conclusion to be drawn." *Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2013 WL 4510243, at *2 (D. Colo. Aug. 24, 2013) (citing *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 298-99 (E.D.N.Y. 2012), *aff'd in part, rev'd in part on other grounds sub nom. Lundy v. Catholic Health System of Long Island., Inc.*, 711 F.3d 106 (2d Cir. 2013) (holding that an agency relationship requires pleading of facts showing that agent "had apparent or actual authority to bind" principal, and mere conclusory statements of agency status are insufficient to state a claim)).

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Stortroen v. Beneficial Finance Co. of Colorado*, 736 P.2d 391, 395 (Colo. 1987) (citing *Restatement (Second) of Agency* § 1(1) (1957)). Apparent authority "is established by evidence of 'written or spoken words or other conduct of the principal which, reasonably interpreted, causes a person to believe that the principal consents to have the act done by a person purporting to act for him." *Rush Creek Solutions, Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 407 (Colo. App. 2004) (quoting *Lucero v. Goldberger*, 804 P.2d 206, 209 (Colo. App. 1990)). "Actual authority is that authority which is in fact given to an agent." *Citywide Banks v. Armijo*, 313 P.3d 647, 652 (Colo. App. 2011) (citing *Life Investors Ins. Co. v. Smith*, 833 P.2d 864, 868 (Colo. App. 1992)). Plaintiff does not allege facts regarding an actual agency agreement, but simply alleges that "Honeywell relied on B.C. Building to honor its warranty and B.C. Building's failure to honor [p]laintiff's warranty claim constitutes a

failure by Honeywell to honor its warranty obligations." Docket No. 54 at 3.  Plaintiff cites no authority for its contention that an agency relationship is established solely because an alleged principal relies on a third party to satisfy the alleged principal's warranty obligations.  Plaintiff does not allege any facts that could establish that B.C. Building owed a fiduciary duty to Honeywell.  There are no allegations that Honeywell, retained B.C. Building as its agent, that by written or spoken words or conduct identified B.C. Building as its agent, or that B.C. Building purported to act for Honeywell.  Accordingly, the Court finds plaintiff's allegations are insufficient to establish that B.C. Building was Honeywell's agent.

Plaintiff argues that he "is not alleging that [d]efendant is obligated to pay installation costs, rather, the fact that [d]efendant was 'unable to simply provide him with a replacement humidifier' is demonstrative of [d]efendant's warranty misconduct.  As a prerequisite to receiving a replacement humidifier, [p]laintiff was required to pay [d]efendant's third-party installers–a requirement not contemplated by the warranty."  Docket No. 54 at 3.  However, plaintiff acknowledges that Honeywell requires installation by an HVAC professional.  Docket No. 51-1 at 12, ¶ 58.  Plaintiff does not allege that he could not have the second humidifier replaced by B.C. Building, but rather alleges that a replacement needed to be installed by a licensed contractor and that plaintiff needed to expend money for the reinstallation.  *Id*. at 14-15, ¶¶ 74-75.  Moreover, plaintiff alleges that B.C. Building – not Honeywell – "was unable to simply provide him with a replacement."  *Id*. at 15, ¶ 75.  Plaintiff does not allege that he ever directly contacted Honeywell to provide a replacement humidifier.  Given plaintiff's failure to provide sufficient factual allegations to establish an agency relationship

between Honeywell and B.C. Building, it is unclear why B.C. Building's determination that it could not provide plaintiff with a replacement humidifier without also installing that unit is a breach of express warranty by Honeywell. As such, the proposed second amended complaint fails to state a plausible breach of express warranty claim and allowing plaintiff to amend the complaint as to this claim would be futile.

### *2. Failure of Essential Purpose*

Plaintiff argues that his proposed second amended complaint shows "that [d]efendant's humidifiers suffer from a latent defect and that [d]efendant failed to provide adequate remedy." Docket No. 54 at 3. Plaintiff's proposed second amended complaint alleges that "[p]laintiff and members of the Classes reasonably believed that their Honeywell Humidifiers would last the life of the warranty" and that

> the latent nature of the defect in the heating coils of the humidifiers renders them ineffective and unfit for the purpose for which [p]laintiff and members of the Classes bought their Honeywell Humidifiers. As a result, Plaintiff and members of the Classes have been deprived of the substantial value of their purchases. Plaintiff and the Classes could not have contemplated the cost of repeated repair and replacement attempts each of which required [p]laintiff and members of the Classes to pay for the re-installation of each successive defective Honeywell Humidifier.

Docket No. 51-1 at 10-11, ¶¶ 45-46.

As discussed in the Court's March 30, 2015 order, "'where an apparently fair and reasonable clause because of circumstances fails in its purposes or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of [the UCC].'" *Cooley v. Big Horn Harvestore Systems, Inc.*, 813 P.2d 736, 744 (Colo. 1991) (quoting Colo. Rev. Stat. § 4-2-719 comment 1 (1973)). Determining whether a limited or exclusive remedy fails of its essential purpose raises

two questions: one, what is the essential purpose of the exclusive remedy and, two, did the exclusive remedy fail to accomplish such purpose?  *Id*.  As to the first question, where, as here, the exclusive remedy is a promise to repair or replace, the essential purpose is to supply assurance to the buyer "that within a reasonable period of time defective goods will be put into the condition they were warranted to be in at the time they were purchased."  *Id*.  Second, "[a] remedy fails of its essential purpose if it operates to deprive a party of the substantial value of the contract."  *Id*. at 744-45.

Plaintiff's allegations relate to the second question – whether the remedy deprived plaintiff of the value of the contract based on the costs of repeated repairs that he could not have contemplated when he purchased the humidifier.

Plaintiff does not cite any Colorado case law to support his theory of failure of essential purpose.  However, plaintiff cites a case from the United States District Court for the Eastern District of Missouri, Docket No. 42-1, *Johnsen v. Honeywell Int'l Inc.*, 2015 WL 631361, at *7 (E.D. Mo. Feb. 12, 2015), in which the court denied defendant's motion to dismiss plaintiff failure of essential purpose claim.  There, plaintiff claimed that Honeywell's limited warranty on its TrueSTEAM humidifiers, the same as those involved in this case, "fails of its essential purpose because Honeywell continued to replace the defective humidifiers with other defective humidifiers."  In denying defendant's motion to dismiss, the court quoted *Midwest Printing, Inc. v. AM Int'l, Inc.*, 108 F.3d 168, 171-172 (8th Cir. 1997), for the proposition that, if a buyer accepted a seller's offer to replace a defective item, and the replacement item has the same deficiencies that the buyer complained of, this supports the position that the remedy

failed of its essential purpose. *See also Gen. Motors Acceptance Corp. v. Jankowitz*, 523 A.2d 695, 703-04 (N.J. Super. Ct. App. Div. 1987).

The Court agrees with plaintiff that, in a situation where a seller offers to replace a product and the replacement product contains the same latent defect as the original product, and where the buyer is required to pay costs associated with replacing a replacement product that substantially decreases the value of its original bargain, the facts may support a failure of essential purpose claim. The cost of replacing and re-replacing a defective item could ultimately result in costs that exceed that of the original product and which the buyer could not have reasonably anticipated at the time of purchase. Accordingly, the Court finds that the proposed second amended complaint states a plausible failure of essential purpose claim.

### 3. Breach of Implied Warranties

Defendant argues that the allegations regarding breach of implied warranty added to plaintiff's proposed second amended complaint fail to cure the defects identified by the Court in its March 30, 2015 order and that the new allegations are conclusory and are not specific to plaintiff's humidifiers. Docket No. 53 at 6-8. Plaintiff argues that he "has submitted evidence that his humidifiers could not fulfill their ordinary purpose of providing whole home humidification due to an alleged defect" and that this evidence presents a fact question sufficient to support his claim. Docket No. 54 at 4.

The Court agrees with defendant. Plaintiff's proposed second amended complaint reflects no attempt to address the deficiencies for which this court dismissed plaintiff's breach of implied warranties claim. While plaintiff alleges a litany of problems

that Honeywell humidifiers are prone to have, he fails to allege that his humidifiers experienced any of those alleged problems or that they failed as a result of them. Plaintiff provides no new allegations in his proposed second amended complaint regarding why his second humidifier failed.  *See* Docket No. 51-1 at 13-15, ¶¶ 65-78. Accordingly, the Court finds that the proposed second amended complaint fails to state a plausible claim for breach of implied warranties and allowing plaintiff to amend the complaint as to this claim would be futile.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Leave to File a Second Amended Class Action Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) and Supporting Memorandum of Law [Docket No. 51] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that plaintiff shall file a second amended class action complaint in conformance with this order on or before March 31, 2016.

DATED March 18, 2016.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge